698 P.2d 840

**OAKLEY VALLEY STONE, INC., a corporation, Plaintiff-Respondent,**

v.

**James ALASTRA, Luis Alastra, Ynes Maria Kelly, Marie Kelly Howze, Irene Kelly, James P. Kelly, Jr., Defendants-Appellants.**

No. 14556.

Court of Appeals of Idaho.

April 18, 1985.
Amended Petition for Review
Granted June 18, 1985.

Edward L. Benoit, Twin Falls, for defendants-appellants.

Lloyd J. Webb, Twin Falls, for plaintiff-respondent.

## ON DENIAL OF PETITION FOR REHEARING

This opinion supersedes our prior opinion issued December 31, 1984, which is hereby withdrawn.

WALTERS, Chief Judge.

This is a quiet title action brought by Oakley Valley Stone, Inc. (Oakley) against the record owners of real property, James Alastra, Luis Alastra, Ynes Maria Kelly, Marie Kelly Howze, Irene Kelly and James P. Kelly, Jr. (hereinafter collectively referred to as the Alastras). The trial court quieted title to the property in the Alastras but granted to Oakley, on a *profit a prendre* theory, a right to continue mining quartzite rock from the Alastras' land. The trial court held that Oakley's right to *profit a prendre* arose through "prescriptive use." Having held that Oakley had a right to remove stone from the Alastras' property, the trial court refused to grant relief to the Alastras on their counterclaim for an injunction and for trespass damages. The trial court also held that Oakley had

established a right to an easement for travel across the Alastras' land for access to Oakley's other mining claims located on adjacent public land.

The Alastras appeal. We affirm that portion of the judgment quieting title to the property in the Alastras and awarding the access easement to Oakley, but we reverse the portion awarding Oakley an easement for *profit a prendre*. We remand for determination of Alastras' counterclaim seeking injunctive relief and damages for trespass.

■ Idaho recognizes the right of *profit a prendre*. In *M. & I. Timber Co. v. Hope Silver-lead Mines, Inc.*, 91 Idaho 638, 641, 428 P.2d 955, 958 (1967) our Supreme Court noted:

> [A] profit a prendre ... is a right exercised by one person in the soil of another, accompanied with participation in the profits of the soil, or a right to take a part of the soil or produce of the land.... [It] is similar to an easement, however, in that it is an interest in land. It cannot be created by parol but is created by grant....

The right of *profit a prendre* may also be acquired by prescription. W. BURBY, HANDBOOK ON THE LAW OF REAL PROPERTY, § 31 at 76–83 (3rd Ed.1965); 28 C.J.S., *Easements*, § 3(f) at 631 (1941). The creation of rights in another's land by prescription is not looked upon with favor by the law, however, because such rights necessarily work corresponding losses or forfeitures of the rights of other persons. 25 AM.JUR.2d, *Easements and Licenses* § 39 at 452 (1966); 28 C.J.S. *Easements*, § 10 at 645 (1941). In this case the burden sought to be imposed on the Alastras is very absolute—the expropriation of a non-renewable resource without consideration. We do not believe the law should condone such a trespass by ripening it into a vested right.

■ The right of *profit a prendre* by prescription appears to exist as a matter of judicial policy. Its application necessarily must depend upon the particular facts existing in any given case. In our opinion the application of such a policy is not merited in this case. The Alastra property consists of approximately 3000 acres, which property has been leased for a number of years to a third party for grazing purposes. Since at least 1929, the Alastras and their predecessors have paid all taxes assessed against the subject property. Oakley has paid none. Since 1956 Oakley has been removing rock from Alastras' property and selling it at a profit for use as a decorative building material. Oakley was operating its mine under a filed mining claim, mistakenly believing the claim was located on unpatented, government land. In 1980 the Federal Bureau of Land Management discovered Oakley's claim was on the Alastras' property, not public domain, and so advised the parties. Evidence at trial showed that, in 1980, Oakley's sales of rock taken from the Alastra property totaled $100,000.00. In exchange, the Alastras received nothing. We do not believe the Alastras should be compelled to suffer the removal of stone from their property without bargained-for consideration.

The portion of the judgment quieting title in the Alastras is affirmed. The award to Oakley of an easement to travel across the Alastra property to Oakley's mining claims on public land is affirmed. The award to Oakley of an easement for *profit a prendre* is reversed. The case is remanded for determination of Alastras' counterclaim for injunctive relief and for damages based on trespass. Costs to Alastras. No attorney fees on appeal.

SWANSTROM, J., concurs.

BURNETT, J., voted to grant the petition for rehearing.